| | |
|---|---|
| 1 | MCGREGOR W. SCOTT<br>United States Attorney |
| 2 | ROSANNE L. RUST<br>CHRISTINA M. McCALL |
| 3 | Assistant United States Attorney<br>501 I Street, Suite 10-100 |
| 4 | Sacramento, CA 95814<br>Telephone: (916) 554-2700 |
| 5 | Facsimile: (916) 554-2900 |
| 6 | Attorneys for Plaintiff<br>United States of America |

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:19-CR-0126-MCE |
|---|---|
| Plaintiff, | ORDER SEALING DOCUMENTS AS SET FORTH IN GOVERNMENT'S NOTICE |
| v. | |
| JAZIZ CEA, | |
| Defendant. | |

Pursuant to Local Rule 141(b) and based upon the representation contained in the Government's Request to Seal, IT IS HEREBY ORDERED that Exhibits 2 and 4 of the Government's Motion for Mental Examination for Competency Under 18 U.S.C. § 4241 and Federal Rule of Criminal Procedure 12.2(c)(1)(A) shall be SEALED until further order of this Court.

It is further ordered that electronic access to the sealed documents shall be limited to the United States and counsel for the defendant, Jaziz Cea. The Court has considered the factors set forth in *Oregonian Publishing Co. v. U.S. District Court for the District of Oregon*, 920 F.2d 1462 (9th Cir. 1990). The Court finds that, for the reasons stated in the Government's request, sealing the Governments's motion serves a compelling interest (specifically, for the medical/psychiatric records, not disclosing the details contained in the defendant's confidential medical files to the public, and for the transcript of the defendant's interview, the right of victims to be treated with fairness and with respect

for the victim's dignity and privacy, pursuant to 18 U.S.C. § 3771(a)(8), and for the confidentiality of information pertaining to child victims, pursuant to 18 U.S.C. § 3509(d)).  The Court further finds that, in the absence of closure, the compelling interests identified by the government would be harmed.  In light of the public filing of its request to seal, the Court further finds that there are no additional alternatives to sealing the government's motion that would adequately protect the compelling interests identified by the government.

Dated:  January 31, 2020

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE