McGREGOR W. SCOTT
United States Attorney
ROSANNE L. RUST
CHRISTINA McCALL
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JAZIZ CEA, <br><br> Defendant. | CASE NO. 2:19-CR-126 MCE <br><br> MOTION TO EXCLUDE TIME PERIODS UNDER SPEEDY TRIAL ACT; [PROPOSED] FINDINGS AND ORDER |

## I. BACKGROUND

This case was originally set for jury trial on March 17, 2020. On March 13, the United States filed a motion to continue the trial due to issues related to General Order 610, which was adopted to address the coronavirus pandemic. ECF No. 93, incorporated herein by reference. On March 16, the Court heard argument on the government's motion to continue, and it agreed to vacate the March 17 trial date, but the Court did not exclude time under the Speedy Trial Act. The Court also asked that the case be reassigned, and the case reverted back to the originally assigned district court judge.

Subsequent to the parties' motion hearing, on March 17, 2020, the Court entered General Order 611, which suspends all jury trials in the Eastern District of California scheduled to commence before May 1, 2020. This General Order was entered to address public health concerns related to COVID-19.

On March 18, 2020, the Court then set a trial confirmation hearing on May 7, 2020, on its own motion (ECF No. 95). It also excluded time until May 7 pursuant to General Order 611, but informed

GOV'T MTN. TO EXCLUDE TIME UNDER SPEEDY TRIAL ACT

1

the parties they could file a stipulation regarding a time exclusion as well.

On March 18, 2020, General Order 612 also issued.  Pursuant to that Order, all of the courthouses in the Eastern District of California were closed to the public.  It only allows persons with official court business or a healthy building tenant with official business on behalf of a tenant agency into the courthouse.  The Order further provides, among other things, that in criminal cases before district court judges, the assigned district court judge may continue matters after May 1, 2020, excluding time under the Speedy Trial Act with reference to Order 611 with additional findings to support the exclusion in the judge's discretion.  Clarification to Order 612 subsequently defined "persons having official court business" and it explained how media may still gain telephonic access to a particular court proceeding on behalf of the public.

The State has also continued to take action to combat the COVID-19 pandemic.  As of March 19, 2020, the Governor for the State of California entered a state-wide shelter-in-place order, requiring everyone in the State to stay in their homes except for essential outings, such as to obtain food, prescriptions or healthcare services.  https://www.cnn.com/2020/03/19/us/california-coronavirus-stay-home-order/index.html.

Before filing this Motion, the parties met and conferred twice to try and reach a resolution about filing a stipulation to exclude time under the Speedy Trial Act in response to ECF No. 95.  Defense counsel ultimately declined to sign such a stipulation, but stated he would agree to the Court resolving the government's motion to exclude time without a hearing.

## II.     ARGUMENT

Although General Order 611 addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507.  And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either

orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as mandatory—the General Order requires specific supplementation and the parties seek to provide that through this Motion. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Order excludes delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

Other courts have further upheld Speedy Trial Act continuances in comparable circumstances to those that the United States is currently facing. The Fifth Circuit, for example, recognized that Hurricane Katrina-related continuances served the ends of justice. *United States v. Scott*, 245 Fed. App'x 391, 394 (5th Cir. 2007). The First Circuit was similarly untroubled by a continuance necessitated by "a paralyzing blizzard." *United States v. Richman*, 600 F.2d 286, 292, 293-94 (1st Cir. 1979). Courts also have allowed ends-of-justice continuances to accommodate personal emergencies experienced by government attorneys, agents, and witnesses. *See, e.g.*, *United States v. Stallings*, 701 F. App'x 164, 170-71 (3d Cir. 2017) (prosecutor had "family emergency" requiring "out-of-state travel with no certain return date"); *United States v. Hale*, 685 F.3d 522, 533-36 (5th Cir. 2012) (primary case agent had "immediate and catastrophic family medical emergency"); *Richman*, 600 F.2d at 292, 294

(informant hospitalized). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

This Court also has "[b]road discretion" to grant continuances. *Morris v. Slappy*, 461 U.S. 1, 11 (1983). "Trial judges necessarily require a great deal of latitude in scheduling trials." *Id.* Under the Speedy Trial Act, the court may order a delay in a trial and exclude time "on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government." 18 U.S.C. § 3161(h)(7)(A). The trial may be continued and time excluded if the Court finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* The list of factors in Section 3161(h)(7)(B) for such a continuance and exclusion of time is non-exhaustive. 18 U.S.C. § 3161(h)(7)(B) (listing "[t]he factors, *among others*, which a judge shall consider …"). The Court may identify reasons beyond those listed, provided its findings are expressed on the record orally or in writing. *Id.*

Here, in addition to the public health concerns cited by General Order 611 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because the trial involves participants and witnesses with high-risk factors, such as age, medical conditions, etc. Four of the government's witnesses also would have to travel by plane to attend the trial—one from Houston, Texas and three from Southern California. One of those four witnesses is also over 60, and thus, in the high risk category for complications if he contracts COVID-19. More than one witness is also barred from entering the courthouse based on General Order 610 (and lead counsel was barred pursuant to that order up to and including through the first day of trial, (*i.e.*, Tuesday, March 17, 2020)).

Additionally, counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible and everyone in California is now ordered to adhere to strict shelter-in-place protocols. It will be difficult to avoid personal contact should the trial proceed.

Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

## III. CONCLUSION

For the foregoing reasons, the United States moves the Court to continue the jury trial and to supersede ECF No. 95, and to set a status hearing on May 7, 2020, to discuss resetting the trial date, and to exclude time between March 17, 2020, and May 7, 2020, under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), finding that the ends of justice (in light of the global pandemic and its effects on the court system and witness safety and travel) served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

Dated: March 20, 2020

Respectfully submitted,

McGREGOR W. SCOTT
United States Attorney

/s/ ROSANNE L. RUST
ROSANNE L. RUST
Assistant United States Attorney

## [PROPOSED] FINDINGS AND ORDER

The Court has read and considered the government's Motion to Exclude Time Periods Under Speedy Trial Act. The Court hereby finds that the Motion, and the government's Motion to Continue Trial (ECF No. 93), which this Court incorporates by reference into this Order, plus the outbreak of the novel coronavirus known as COVID-19 (and related General Orders of this Court and guidance from the Centers for Disease Control and Prevention and state and local health officials), collectively demonstrate facts that provide good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A).

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; and (ii) failure to grant the continuance would result in a miscarriage of justice, given the emergence of the novel coronavirus in the Eastern District of California and beyond, and the necessary steps being taken to avoid further transmission of the virus.

1 | Time is excluded under the Speedy Trial Act between March 17, 2020 and May 7, 2020.

                                                            _____
THE HONORABLE MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE