1
McGREGOR W. SCOTT
United States Attorney
2
ROSANNE L. RUST
CHRISTINA McCALL
3
Assistant United States Attorneys
501 I Street, Suite 10-100
4
Sacramento, CA 95814
Telephone: (916) 554-2700
5
Facsimile: (916) 554-2900
6
Attorneys for Plaintiff
United States of America
7

8
IN THE UNITED STATES DISTRICT COURT
9
EASTERN DISTRICT OF CALIFORNIA
10

11
UNITED STATES OF AMERICA,                    CASE NO.  2:19-CR-126 MCE

12
                          Plaintiff,         MOTION TO EXCLUDE TIME PERIODS UNDER
                                             SPEEDY TRIAL ACT; ORDER
13
                    v.

14
JAZIZ CEA,

15
                          Defendant.

16

17

## I.    BACKGROUND

18
        This case was originally set for jury trial on March 17, 2020.  On March 13, the United States

19
filed a motion to continue the trial due to issues related to General Order 610, which was adopted to

20
address the coronavirus pandemic.  ECF No. 90, incorporated herein by reference.  On March 16, the

21
Court heard argument on the government's motion to continue, and it agreed to vacate the March 17 trial

22
date, but the Court did not exclude time under the Speedy Trial Act.  ECF No. 93.  The Court also asked

23
that the case be reassigned, and the case reverted back to the originally assigned district court judge.

24
        On March 17, 2020, the Court entered General Order 611, which suspended all jury trials in the

25
Eastern District of California scheduled to commence before May 1, 2020.  This General Order was

26
entered to address public health concerns related to COVID-19.

27
        On March 18, 2020, the Court then set a trial confirmation hearing on May 7, 2020, on its own

28
motion (ECF No. 95).  It also excluded time until May 7 pursuant to General Order 611, but informed

GOV'T MTN. TO EXCLUDE TIME UNDER SPEEDY TRIAL
ACT

1

1  the parties they could file a stipulation regarding a time exclusion as well.  The United States filed a

2  motion (ECF No. 96) in response to ECF No. 95, providing the Court with additional information

3  relevant to excluding time under the Speedy Trial Act.  The Court granted the United States' motion and

4  made additional findings involving excludable time under the Speedy Trial Act through May 7, and it

5  set a jury trial for the first available date: June 22.  ECF No. 97.

6      On March 18, 2020, General Order 612 also issued.  Pursuant to that Order, all of the

7  courthouses in the Eastern District of California were closed to the public.  The Order only allowed

8  persons with official court business or a healthy building tenant with official business on behalf of a

9  tenant agency into the courthouse.  The Order further provided, among other things, that in criminal

10  cases before district court judges, the assigned district court judge may continue matters after May 1,

11  2020, excluding time under the Speedy Trial Act with reference to Order 611 with additional findings to

12  support the exclusion in the judge's discretion.  Clarification to Order 612 subsequently defined

13  "persons having official court business" and it explained how media may still gain telephonic access to a

14  particular court proceeding on behalf of the public.

15      On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the

16  Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to

17  continue all criminal matters to a date after June 1.

18      The State has also continued to take action to combat the COVID-19 pandemic.  On March 19,

19  2020, the Governor for the State of California entered a state-wide shelter-in-place order, requiring

20  everyone in the State to stay in their homes except for essential outings, such as to obtain food,

21  prescriptions or healthcare services.  https://www.fmcsa.dot.gov/emergency/california-governor-

22  newsom-shelter-place-executive-order-n33-20; https://www.cnn.com/2020/03/19/us/california-

23  coronavirus-stay-home-order/index.html.  This order remains in place.

24  https://www.cnn.com/2020/03/19/us/california-coronavirus-stay-home-order/index.html.

25      On April 21, 2020, the Court issued a minute order (ECF No. 99) that, in the interest of public

26  health and safety, continued the Trial Confirmation Hearing from May 7 to June 4.  The minute order

27  provided: "The parties may nonetheless, should they choose to do so, file a stipulation regarding the

28  exclusion of time as well."

1   Before filing this Motion, the parties conferred regarding a potential stipulation to exclude time

2   under the Speedy Trial Act in response to ECF No. 99.  Defense counsel declined to sign such a

3   stipulation.

## II.  ARGUMENT

4

5   Although General Orders 611, 612 and 617 address the district-wide health concern, the

6   Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s]

7   substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a

8   particular case.  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings,

9   there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  And moreover, any such failure cannot be

10   harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000)

11   (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the

12   record "either orally or in writing").

13   Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as mandatory—

14   General Orders 611, 612 and 617 require specific supplementation and the parties seek to provide that

15   through this Motion.  Ends-of-justice continuances are excludable only if "the judge granted such

16   continuance on the basis of his findings that the ends of justice served by taking such action outweigh

17   the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

18   Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either

19   orally or in writing, its reason or finding that the ends of justice served by the granting of such

20   continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

21   The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

22   T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

23   natural disasters, or other emergencies, this Court has discretion to order a continuance in such

24   circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

25   following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

26   recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

27   *States v. Correa*, 182 F. Supp. 2d 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following

28   the September 11, 2001 terrorist attacks and the resultant public emergency).

1    Other courts have further upheld Speedy Trial Act continuances in comparable circumstances to

2  those that the United States is currently facing.  The Fifth Circuit, for example, recognized that

3  Hurricane Katrina-related continuances served the ends of justice.  *United States v. Scott*, 245 Fed.

4  App'x 391, 394 (5th Cir. 2007).  The First Circuit was similarly untroubled by a continuance

5  necessitated by "a paralyzing blizzard."  *United States v. Richman*, 600 F.2d 286, 292, 293-94 (1st Cir.

6  1979).  Courts also have allowed ends-of-justice continuances to accommodate personal emergencies

7  experienced by government attorneys, agents, and witnesses.  *See, e.g.*, *United States v. Stallings*, 701 F.

8  App'x 164, 170-71 (3d Cir. 2017) (prosecutor had "family emergency" requiring "out-of-state travel

9  with no certain return date"); *United States v. Hale*, 685 F.3d 522, 533-36 (5th Cir. 2012) (primary case

10  agent had "immediate and catastrophic family medical emergency"); *Richman*, 600 F.2d at 292, 294

11  (informant hospitalized).  The coronavirus is posing a similar, albeit more enduring, barrier to the

12  prompt proceedings mandated by the statutory rules.

13    This Court also has "[b]road discretion" to grant continuances.  *Morris v. Slappy*, 461 U.S. 1, 11

14  (1983).  "Trial judges necessarily require a great deal of latitude in scheduling trials."  *Id.*  Under the

15  Speedy Trial Act, the court may order a delay in a trial and exclude time "on his own motion or at the

16  request of the defendant or his counsel or at the request of the attorney for the Government."  18 U.S.C.

17  § 3161(h)(7)(A).  The trial may be continued and time excluded if the Court finds "that the ends of

18  justice served by taking such action outweigh the best interest of the public and the defendant in a

19  speedy trial."  *Id.*  The list of factors in Section 3161(h)(7)(B) for such a continuance and exclusion of

20  time is non-exhaustive.  18 U.S.C. § 3161(h)(7)(B) (listing "[t]he factors, *among others*, which a judge

21  shall consider …").  The Court may identify reasons beyond those listed, provided its findings are

22  expressed on the record orally or in writing.  *Id.*

23    In light of the societal context created by the foregoing, this Court should consider the following

24  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

25  justice exception, § 3161(h)(7) (Local Code T4).[1]  In addition to the public health concerns cited by

26  General Order 617, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is

27

28    _____
   [1] The parties note that General Order 612 acknowledges that a district judge may make
   "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D.
   Cal. March 18, 2020).

particularly apt in this case because:

- The trial involves witnesses with high-risk factors, such as age, medical conditions, etc. The government's mental health expert witness is over the age of 60, placing him at higher risk of serious complications if he were to contract the coronavirus causing COVID-19, and the expert witness would need to observe the defendant's testimony and the defense expert's testimony in person to testify in rebuttal.

- Three of the witnesses will need to travel from Southern California and one witness will need to travel from Texas.

- The trial in this case cannot be conducted by videoconferencing (or telephone conferencing if videoconferencing is not reasonably available) pursuant to General Order 614 (CARES Act). Based on the above-stated considerations, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

### III.    CONCLUSION

For the foregoing reasons, the United States moves the Court to supplement ECF No. 99, and to exclude time between May 7, 2020, and June 4, 2020, under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), finding that the ends of justice (in light of the global pandemic and its effects on the court system and witness safety and travel) served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.


Dated:  April 28, 2020                                    Respectfully submitted,

                                                          McGREGOR W. SCOTT
                                                          United States Attorney


                                                          /s/ ROSANNE L. RUST
                                                          ROSANNE L. RUST
                                                          Assistant United States Attorney

GOV'T MTN. TO EXCLUDE TIME UNDER SPEEDY TRIAL ACT

**ORDER**

The Court has read and considered the government's Motion to Exclude Time Periods Under Speedy Trial Act.  The Court hereby finds that the Motion, and the government's prior Motion to Continue Trial (ECF No. 96), which this Court incorporates by reference into this Order, plus the outbreak of the novel coronavirus known as COVID-19 (and related General Orders of this Court and guidance from the Centers for Disease Control and Prevention and state and local health officials), collectively demonstrate facts that provide good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A).

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; and (ii) failure to grant the continuance would result in a miscarriage of justice, given the emergence of the novel coronavirus in the Eastern District of California and beyond, and the necessary steps being taken to avoid further transmission of the virus. Time is excluded under the Speedy Trial Act between May 7, 2020 and June 4, 2020.

IT IS SO ORDERED.

Dated:  April 28, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE