McGREGOR W. SCOTT
United States Attorney
ROSANNE L. RUST
CHRISTINA McCALL
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:19-CR-126 MCE |
|---|---|
| Plaintiff, | MOTION TO EXCLUDE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| JAZIZ CEA, | |
| Defendant. | |

### I.   **BACKGROUND**

This case was originally set for jury trial on March 17, 2020. On March 13, the United States filed a motion to continue the trial due to issues related to General Order 610, which was adopted to address the coronavirus pandemic. ECF No. 90, incorporated herein by reference. On March 16, the Court heard argument on the government's motion to continue, and it agreed to vacate the March 17 trial date, but the Court did not exclude time under the Speedy Trial Act. ECF No. 93. The Court also asked that the case be reassigned, and the case reverted back to the originally assigned district court judge.

On March 17, 2020, the Court entered General Order 611, which suspended all jury trials in the Eastern District of California scheduled to commence before May 1, 2020. This General Order was entered to address public health concerns related to COVID-19.

On March 18, 2020, the Court then set a trial confirmation hearing on May 7, 2020, on its own motion (ECF No. 95). It also excluded time until May 7 pursuant to General Order 611, but informed

the parties they could file a stipulation regarding a time exclusion as well.  The United States filed a motion (ECF No. 96) in response to ECF No. 95, providing the Court with additional information relevant to excluding time under the Speedy Trial Act.  The Court granted the United States' motion and made additional findings involving excludable time under the Speedy Trial Act through May 7, and it set a jury trial for the first available date: June 22.  ECF No. 97.

On March 18, 2020, General Order 612 also issued.  Pursuant to that Order, all of the courthouses in the Eastern District of California were closed to the public.  The Order only allowed persons with official court business or a healthy building tenant with official business on behalf of a tenant agency into the courthouse.  The Order further provided, among other things, that in criminal cases before district court judges, the assigned district court judge may continue matters after May 1, 2020, excluding time under the Speedy Trial Act with reference to Order 611 with additional findings to support the exclusion in the judge's discretion.  Clarification to Order 612 subsequently defined "persons having official court business" and it explained how media may still gain telephonic access to a particular court proceeding on behalf of the public.

On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1.

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1]

California has continued to take action to combat the ongoing COVID-19 pandemic, which, as of July 20, 2020, has infected 391,538 California residents, resulting in the deaths of 7,694 Californians.  https://covid19.ca.gov/.  The United States reported over 3.7 million cases of COVID-19, with over 140,000 deaths.  https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html.  On July

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

GOV'T MTN. TO EXCLUDE TIME UNDER SPEEDY TRIAL ACT

2

1  12, the Governor and California Department of Public Health expanded closures of certain indoor
2  businesses and operations in 29 counties.  https://www.cdph.ca.gov/Programs/OPA/Pages/NR20-
3  158.aspx.
4      On July 17, 2020, the Court issued a minute order (ECF No. 119) that vacated the July 23 status
5  hearing regarding trial setting and continued it to November 12, excluding time under the Speedy Trial
6  Act pursuant to the analysis and reasoning set forth in General Order 618.  The minute order found that
7  the ends of justice served by continuing the status conference outweigh the interest of the public and the
8  defendant in a speedy trial in light of the recent outbreak of COVID-19 and the well-documented
9  concerns surrounding this virus.  The minute order provided: "The parties may nonetheless, should they
10 choose to do so, file a stipulation or motion regarding the exclusion of time as well."
11     Before filing this Motion, the parties conferred regarding a potential stipulation to exclude time
12 under the Speedy Trial Act in response to ECF No. 119.  Defense counsel declined to sign such a
13 stipulation.

## II.     ARGUMENT

15     Although General Orders 611, 612, 617 and 618 address the district-wide health concern, the
16 Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s]
17 substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a
18 particular case.  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings,
19 there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  And moreover, any such failure cannot be
20 harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000)
21 (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the
22 record "either orally or in writing").
23     Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as mandatory—
24 General Orders 611, 612, 617, and 618 require specific supplementation and the parties seek to provide
25 that through this Motion.  Ends-of-justice continuances are excludable only if "the judge granted such
26 continuance on the basis of his findings that the ends of justice served by taking such action outweigh
27 the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).
28 Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either

orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 2d 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

Other courts have further upheld Speedy Trial Act continuances in comparable circumstances to those that the United States is currently facing. The Fifth Circuit, for example, recognized that Hurricane Katrina-related continuances served the ends of justice. *United States v. Scott*, 245 Fed. App'x 391, 394 (5th Cir. 2007). The First Circuit was similarly untroubled by a continuance necessitated by "a paralyzing blizzard." *United States v. Richman*, 600 F.2d 286, 292, 293-94 (1st Cir. 1979). Courts also have allowed ends-of-justice continuances to accommodate personal emergencies experienced by government attorneys, agents, and witnesses. *See, e.g.*, *United States v. Stallings*, 701 F. App'x 164, 170-71 (3d Cir. 2017) (prosecutor had "family emergency" requiring "out-of-state travel with no certain return date"); *United States v. Hale*, 685 F.3d 522, 533-36 (5th Cir. 2012) (primary case agent had "immediate and catastrophic family medical emergency"); *Richman*, 600 F.2d at 292, 294 (informant hospitalized). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

This Court also has "[b]road discretion" to grant continuances. *Morris v. Slappy*, 461 U.S. 1, 11 (1983). "Trial judges necessarily require a great deal of latitude in scheduling trials." *Id.* Under the Speedy Trial Act, the court may order a delay in a trial and exclude time "on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government." 18 U.S.C. § 3161(h)(7)(A). The trial may be continued and time excluded if the Court finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a

speedy trial." *Id.* The list of factors in Section 3161(h)(7)(B) for such a continuance and exclusion of time is non-exhaustive. 18 U.S.C. § 3161(h)(7)(B) (listing "[t]he factors, *among others*, which a judge shall consider …"). The Court may identify reasons beyond those listed, provided its findings are expressed on the record orally or in writing. *Id.*

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[2] In addition to the public health concerns cited by General Orders 617 and 618, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because:

- The trial involves witnesses with high-risk factors, such as age, medical conditions, etc. The government's mental health expert witness is over the age of 60, placing him at higher risk of serious complications if he were to contract the coronavirus causing COVID-19, and the expert witness would need to observe the defendant's testimony and the defense expert's testimony in person to testify in rebuttal.
- Three of the witnesses will need to travel from Southern California and one witness will need to travel from Texas (a state which is currently experiencing a serious outbreak of COVID-19, with 332,434 cases reported and over 4,000 fatalities, https://txdshs.maps.arcgis.com/apps/opsdashboard/index.html#/ed483ecd702b4298ab01e8b9cafc8b83).
- The trial in this case cannot be conducted by videoconferencing (or telephone conferencing if videoconferencing is not reasonably available) pursuant to General Orders 614 and 620 (CARES Act). Based on the above-stated considerations, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

///

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

GOV'T MTN. TO EXCLUDE TIME UNDER SPEEDY TRIAL ACT         5

### III. CONCLUSION

For the foregoing reasons, the United States moves the Court to supplement ECF No. 119, and to exclude time between July 23, 2020, and November 12, 2020, under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), finding that the ends of justice (in light of the global pandemic and its effects on the court system and witness safety and travel) served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

Dated: July 30, 2020　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　McGREGOR W. SCOTT
　　　　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　　　　　/s/ ROSANNE L. RUST
　　　　　　　　　　　　　　　　　　　　　　　ROSANNE L. RUST
　　　　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney

**ORDER**

The Court has read and considered the government's Motion to Exclude Time Periods Under Speedy Trial Act. The Court hereby finds that the Motion, and the government's prior Motions to Continue Trial (ECF Nos. 96, 100, 104), which this Court incorporates by reference into this Order, plus the outbreak of the novel coronavirus known as COVID-19 (and related General Orders of this Court and guidance from the Centers for Disease Control and Prevention and state and local health officials), collectively demonstrate facts that provide good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A).

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; and (ii) failure to grant the continuance would result in a miscarriage of justice, given the continued outbreak of the novel coronavirus in the Eastern District of California and beyond, and the necessary steps being taken to avoid further transmission of the virus. Time is excluded under the Speedy Trial Act between July 23, 2020 and November 12, 2020.

IT IS SO ORDERED.

Dated: July 30, 2020

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE