PHILLIP A. TALBERT
United States Attorney
ROSANNE L. RUST
CHRISTINA McCALL
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:19-CR-00126 TLN |
|---|---|
| Plaintiff, | UNITED STATES' FORMAL OBJECTION TO THE FINAL PRESENTENCE INVESTIGATION REPORT |
| v. | |
| JAZIZ CEA, | |
| Defendant. | |

    The United States hereby submits a formal objection to the final Presentence Investigation Report (PSR), which was filed on January 7, 2022 (ECF No. 170). Under U.S.S.G. § 5K2.0, the Court can, and should, depart upward when imposing the defendant's sentence based on the undisputed facts in the PSR and the factual bases supporting the defendant's guilty convictions.

    Section 5K2.0 provides:

> The sentencing court may depart from the applicable guideline range if—in the case of child crimes and sexual offenses, the court finds, pursuant to 18 U.S.C. § 3553(b)(2)(A)(i), that there exists an aggravating circumstance, of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that, in order to advance the objectives set forth in 18 U.S.C. § 3553(a)(2), should result in a sentence different from that described.

    As noted in the government's informal objections, U.S.S.G § 2G2.2 (the guideline on point for each of the defendant's convictions) and U.S.S.G. Chapters 3-4 do not fully account for the defendant's

conduct. For example, these aspects of the defendant's conduct are not accounted for by the guidelines:

- For over a year, the defendant spent a great deal of time and effort trying to get his hands on child sex abuse material (aside from what his convictions cover) or worse.
- The defendant used cryptocurrency over the span of approximately 44 days to purchase over 20 hours of videos of children being sexually abused on the dark web.
- The defendant told a friend on Discord that he wanted to use drugs to incapacitate Minor Victim 1 to have sex with his/her lifeless body—all after he had already been surreptitiously filming Minor Victim 1 in his/her bedroom and bathroom, hoping to catch him/her at least naked.
- The defendant conducted several Internet searches for items like "rohypnol," and "sleeping pills for kids under 12," which is consistent with the alarming desire he expressed to his friend on Discord.
- The defendant admitted to law enforcement that he had been sexually interested in Minor Victim 1 since s/he was 8 years old.
- The defendant drew and collected cartoons depicting gore and children being sexually abused, whose bodies were mutilated, in addition to collecting memes related to pedophilia.
- The defendant admitted he induced minor females on Kik messenger to produce visual depictions of themselves involved in sexual activity and he admitted to paying them for such content.
- The defendant told law enforcement that he was interested in cannibalism and had researched particular body parts for consumption.
- The defendant engaged in surreptitious sexual behavior (*i.e.*, masturbation and unwanted touching) next to or involving multiple minor females.
- The defendant admitted to a friend that his favorite video purchased from the dark web showed a minor girl being kidnapped, and then taken into the woods, where she was raped and killed.

///
///
///
///

Based on the foregoing summary, the defendant's actions fall outside the heartland of conduct contemplated by the applicable guidelines. Therefore, the government respectfully submits that an upward departure under U.S.S.G. § 5K2.0 is warranted in this case.

Respectfully submitted,

DATED: January 13, 2022

PHILLIP A. TALBERT<br>
United States Attorney<br><br>
<i>/s/ Rosanne L. Rust</i><br>
ROSANNE L. RUST<br>
CHRISTINA McCALL<br>
Assistant United States Attorneys