HEATHER E. WILLIAMS, Bar # 122664
Federal Defender
DOUGLAS BEEVERS, #288639
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA  95814
Telephone: 916.498.5700
douglas_beevers@fd.org

Attorney for Defendant
JAZIZ CEA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAZIZ CEA,<br><br>Defendant. | Case №:2:19-CR-126 TLN<br><br>**DEFENDANT'S SENTENCING MEMORANDUM**<br><br>**Date:  January 27, 2022**<br>**Time:  9:30 a.m.**<br>**Judge Hon. Troy L. Nunley,**<br><br>**No Interpreter Case** |

Defendant, JAZIZ CEA, by Heather E. Williams, Federal Defender, and Douglas Beevers, Assistant Federal Defender, submits this memorandum to assist the Court in evaluating the 18 U.S.C. §3553 factors in order to determine a reasonable sentence.

**I.     Sentencing Guidelines 18 U.S.C. §3553(a)(4)**

The guideline range as agreed to by the parties is 151-188 months prison. Mr. Cea pursuant to the Rule 11(C)(1)(C) plea agreement, Mr. Cea is asking for a 168-months sentence which would be a mid-range sentence.  If the Court accepts the pre-sentence report as written a 168-month sentence would be a one-level downward variance.

CEA: Sentencing Memorandum                       1

## II. Avoiding Unwarranted Sentencing Disparity 18 U.S.C. §3553(a)(6)

The Sentencing Guidelines are designed to assist judges in avoiding unwarranted sentencing disparity as required by 18 U.S.C. §3553, and for many crimes they are an effective tool if judges around the country are following the guidelines. The Sentencing Commission's Quick Facts Report shows, in child pornography cases 58.5% of child pornography offenders receive a downward variance, and the average reduction was 38.5%. See Ex. A: Sentencing Commission Quick Facts 2020. In 2020 only 2.3% of child pornography defendants received upward variances. Id. As a result, the average child pornography trafficking sentence was 133 months for first-time offenders like Mr. Cea, and 240 months for child pornography traffickers who had prior sex convictions. *Id*. The average sentence for defendants convicted of receiving child pornography was 102 months for first-time offenders like Mr. Cea and 202 months for those with prior sex offenses. *Id*. According to the Quick Facts Report, these averages have remained consistent over the past five years. *Id*.

According to Sentencing Commission data, 50% of child pornography defendants who receive guideline sentences receive the minimum guideline sentence, so 68% of all child pornography defendants received either the low-end of the guidelines or less. See Ex. B: Table 34, 2020 Sourcebook of Federal Sentencing Statistics. Since an additional 23.8% of child pornography defendants who received guideline sentences were sentenced to either the midpoint or lower half of the range approximately 75% of all child pornography defendants received sentences of midpoint of the range or less. *Id*. Mr. Cea is asking for a midpoint guideline sentence of 168-months prison which is equal or greater than what 75% of child pornography defendants received.

The Sentencing Commission's June 2021 report Federal Sentencing of Child Pornography Non-Production Offenses show which defendants are typical and

which defendants are aggravated according to most judges. According to the report 99% of a non-production child pornography cases had images of pre-pubescent victims, and 52.2% had images of infants or toddlers. *Federal Sentencing of Child Pornography Non-Production Offenses* at p. 4. (downloaded on 1/11/2022) https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2021/20210629_Non-Production-CP.pdf . In addition, 84% of child pornography non-production defendants received the §2G2.2(b)(4) enhancement for images of sado-masochistic conduct and/or infant/toddler victim.

The Sentencing Commission's report list several uncommon aggravating factors which might explain which defendants are in the top 25% who receive more than the midpoint of the guidelines. According to the report, 75% of child pornography defendants are criminal history category I with Mr. Cea. *Id.*, at p. 18. According to the report, 17.9% of non-production child pornography defendants receive a 5-level enhancement under §2G2.2(b)(5) for having committed two or more prior sex crimes. *Id.*, at p. 19. These 17% of offenders who actually committed prior felony sex crimes are clearly more dangerous than Mr. Cea who only thought about such conduct. The Sentencing Commission's 2021 report also discovered by analyzing pre-sentence reports that 50% of the child pornography distribution and receipt defendants had serious aggravating factors of three categories (1) prior child pornography offense (2) prior contact sex offense such as rape or child molestation or (3) non-contact sex offenses such as attempting to entice a minor into sexual conduct or production of child pornography. Id., at p. 40.

This data shows that Mr. Cea is more similarly situated with the 50% of child pornography defendants who do not have these three most serious aggravating factors. Mr. Cea's request for a mid-range sentence of 168 months would avoid any unwarranted disparity between Mr. Cea and the large number of defendants who have are sentenced to less than 168 months for similar conduct and

CEA: Sentencing Memorandum                                      3

similar history.  According to the Sentencing Commission 29.3% of non-production child pornography defendants had engaged in a contact sex offense against a minor and 11% had been convicted. Id., at p. 42 (Except: Attached herein as Ex. C).97

Probation's request for the guideline maximum would create unwarranted disparity with 93% of child pornography defendants who receive less than the maximum including at least 40% of whom have aggravating factors that the Sentencing Commission considers more serious than those in Mr. Cea's case. Granting the Government's upward variance would create disparity between Mr. Cea and the other 71% of child pornography defendants who have not committed a contact sex offense who are almost certainly the 75% of defendants receiving midpoint or below sentences.  According to the Sentencing Commission, the average sentence for child pornography defendants who have committed a sexual contact offense is 134 months which is substantially lower than the 168 months Mr. Cea is asking for. Id. at p. 44.

Mr. Cea also asks the Court to avoid unwarranted disparity with other defendants sentenced by the same judge for the same or similar crimes.  For example, in *U.S. v. Jason Scarcello*, 2:12CR 288-TLN, this Court imposed a low-end 97-months sentence for receipt of child pornography by a defendant whose "graphic and offensive" chats discussed "kidnapping, torturing and eating children." See. 2:12CR-288-TLN ECF 86 (Government Memorandum).  In Scarcello, the prosecution argued for a 97-month low-end of the range sentence and argued that chats involving cannibalism and kidnapping of children were relevant to rebut defense request for a downward variance. *Id*.

`In *United States v. Donald Threatt*, this Court imposed a sentence of 212 months prison on defendant who attempted to entice a 15-year old victim to commit sex acts in 2017 after having a prior conviction for a similar attempt in 2013. See 2:127CR0076-TLN, ECF 42 (plea agreement).  Mr. Threatt showed up

CEA: Sentencing Memorandum                              4

to the attempted enticement scene with a two cameras and rope after having discussed his plan to tie up the victim and make a pornographic video. See 2:17CR 76-TLN ECF 42 (factual basis).  In Mr. Threatt's case In Threatt's case, the parties stipulated to offense level 34 and his criminal history category was III so he faced a 188-235 month range. 2:17CR0076-TLN ECF 52 (Defense Memo).   Defense asked for a low end of the guidelines based on his age and military service record.  The Government argued for a high-end sentence of 235 months based on the fact that he had dozens of other chats soliciting sex with other real victims and child pornography on his computer. 2:17CR76-TLN, ECF 53 (Government Memo).  This Court imposed a mid-range sentence of 212 months on Mr. Threatt, who committed a much more serious crime and had a much more serious record.  Mr. Threatt's strongest mitigating factor was that he enlisted in the military during wartime. *Id*.  Mr. Cea also enlisted in the military and served during wartime.  Mr. Threatt's longer military experience is not a sufficient ground to justify giving Mr. Cea 28-months more than Mr. Threatt received.

In a more recent case, *U.S. v. Kevin Martin*, this Court imposed 200-month sentence on a defendant convicted of attempting to have an 11-year old victim's parent force her to commit sex acts after Mr. Martin having a prior pattern of attempting to meet children for sex. See 2:17CR0059-TLN at ECF 34 (plea agreement) and 54 (Gov't Sentencing Memo).  The parties stipulated to argue for sentences within offense level 35, for a 168-210 months range, and the Government agreed to dismiss the distribution of child pornography charges which according to the complaint included 3 videos of sexual penetration of victims between ages three to seven. *Id*. at ECF 43 and ECF 52.  In Mr. Martin's case, the Government argued for a high-end sentence of 200 months in part based on Mr. Martin's chats where he bragged about having sex with his former roommate's 11 year old daughter.  Mr. Martin's strongest mitigating factors were his military service record with the Army and National Guard and the fact that it was longer

CEA: Sentencing Memorandum                5

than Mr. Cea's wartime record does not justify giving Mr. Cea 40 months longer than Mr. Martin received.

### III.   History and Characteristics of the Defendant: §3553(a)(1)

The pre-sentence report described Mr. Cea's history and characteristics which include the undisputed fact that he suffers from serious psychological conditions which includes psychosis and hearing voices when he is not taking anti-psychotic medication. See PSR para. 85-97.  Mr. Cea committed these crimes when he was not taking medication, although he had been diagnosed as psychotic in 2012 and had been having hallucinations since age 7. PSR para. 88.  Mr. Cea is compliant with his psychiatric treatment which suggests that he is highly likely to be able to avoid any similar misconduct in the future.  Another factor in his favor is that he sought help from law-abiding friends and his superiors in the military. He confessed his interest in child pornography to his sergeant and a friend. See Ex. D. Mr. Cea's failed attempt to get help and his positive adjustment to military life are strong indicators that he is a person who will adjust well to lifetime supervised release even with the rigid sex-offender restrictions and work hard to stay psychologically healthy.

Mr. Cea's psychotic diagnosis is also relevant, because the Court should not put too much weight on Mr. Cea's fantasy chats and uncorroborated confessions to acts of semi-sexual touching while girls were asleep which may never have happened such as the conduct described in para. 24-27.

Mr. Cea retains the support of his family including the alleged victim of the attempted production of child pornography charge discussed in which is being dismissed in the plea. This is the person discussed in PSR para. 26-27.

### IV.   Deterrence 18 U.S.C. §3553(a)(2)(B)

The mandatory minimum sentence of five years for a first offense and 15 years for a second offense were established to create a deterrent effect.  A sentence of

CEA: Sentencing Memorandum                              6

168 months for a first offense would be sufficient for this factor. Another factor that has an impact on deterrence is the average sentence and a sentence of 168 months is far above the 102 month national average and will increase general deterrence.

V. **Kinds of Sentence Available/Need for Treatment 18 U.S.C. §3553(a)(2)(D)**

Mr. Cea has a serious psychiatric condition which was untreated at the time of the offense and is being treated well in Sacramento County jail. The availability of lifetime supervision with mandatory conditions requiring psychiatric treatment, counseling, internet ban, and restrictions on association with minors is highly likely to be effective. Mr. Cea is likely to be very open with his probation officer, because has shown that he is a person who is not afraid to admit he has a problem to persons in authority. While in the military he confessed to his sergeant that he had a problem with child pornography, and he later confessed to the F.B.I. for over four hours when his computer was being searched. (See Ex. D: Interview with Sgt. Kelhi) Mr. Cea's confession included many incidents that were not discoverable on the computer and only remorse and a desire to fix the problem motivated his extensive confession. Mr. Cea was also open with the Government's psychiatric experts. This openness about his problem is conducive to successful treatment which depends on persons on supervised release accepting that they have a problem and wanting to change.

According to the Department of Justice Office of Sex Offender Sentencing, Monitoring, Apprehending, Registering and Tracking, sex offender treatment can be effective https://smart.ojp.gov/somapi/chapter-7-effectiveness-treatment-adult-sex-offenders. Mr. Cea looks forward to participating in treatment and reintegrating into society.

SUBMITTED: January 20, 2022

HEATHER E. WILLIAMS
Federal Defender

*/s/ Douglas Beevers*
DOUGLAS BEEVERS
Assistant Federal Defender
Attorney for Defendant