PHILLIP A. TALBERT
United States Attorney
ROSANNE L. RUST
CHRISTINA MCCALL
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>JAZIZ CEA,<br><br>            Defendant. | CASE NO. 2:19-CR-00126-TLN-CKD<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT JAZIZ CEA'S MOTION PURSUANT TO 28 U.S.C. § 2255 |

## I.        INTRODUCTION

Defendant, Jaziz Cea, has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence the Court imposed for his convictions for: transportation of child pornography; receipt of child pornography; and possession of child pornography. ECF No. 191. Defendant claims that his sentence was excessive and that he does not remember information pertaining to sadistic conduct being in the discovery the government produced for this case. *Id.*

The motion should be dismissed because, for two of the three counts of conviction in this case, defendant waived his right to collaterally attack his conviction and sentence in the plea agreement.

Moreover, even if not dismissed on those grounds, defendant's motion should still be denied because Cea has failed to meet his burden as to both his claim of an excessive sentence and his claim that he was sentenced based upon evidence that was not listed in the discovery. Defendant's motion

1  should be denied because the claims are vague, conclusory, and unsupported by evidence, and they fail
2  to demonstrate that his sentence was imposed in violation of the Constitution or laws of the United
3  States. Therefore, the defendant does not state a claim upon which relief can be granted.

## II.  FACTUAL BACKGROUND

### A.  Texas Law Enforcement Discovers Cea's Illegal Activity Online and Investigates.[1]

Texas law enforcement detectives originally identified Cea in 2018 while investigating another defendant (Bertoldo Lugo) who was also sexually interested in minors. PSR ¶¶ 8-9. To determine more about Cea, who was communicating with Lugo, and to see if he was also located in Texas, Texas law enforcement started a separate investigation into Cea. *Id.* ¶¶ 8-10. Using subpoenas and search warrants, Texas law enforcement gathered information on Cea. *See id.* They discovered that Cea used the Internet to obtain and distribute visual depictions of the sexual abuse of children on various platforms, including Skype, and Cea liked talking on-line with other people who had a sexual interest in children. *Id.* ¶¶ 9-12. They also uncovered disturbing Skype conversations between Cea and Lugo, indicating their mutual sexual interest in children. *Id.* ¶ 11; ECF No. 39 at 10-11. During one Skype conversation, Cea told Lugo that Cea abused a minor when she was asleep, writing, "i [sic] groped her and rubbed my dick on her legs and ass and cum on her face and hair but shes [sic] a heavy sleeper." Further details about that abuse are contained in ECF No. 39 at 18. Some of the videos that Cea received via Skype are described in Exhibit 1, a redacted copy of a summary chart prepared by the case agent. Those videos depict adult men raping young girls and causing them to cry. Exhibit 1.

Law enforcement also discovered that Cea accessed his YouTube account to try and share child sex abuse videos. PSR ¶ 13. From his YouTube account, on or about May 13, 2018, Cea uploaded four videos depicting children being sexually abused. *Id.* One such video was over 16 minutes in length, and depicted a prepubescent Hispanic-looking minor female, who was forcibly raped and humiliated throughout the video. *Id.* ¶ 14. Before trying to upload that video (using the public setting on YouTube), Cea added the following title, "[Juvenile Victim 1's first name] get[s] cum in mouth and

---

[1]  A more detailed discussion of the facts underlying this case is contained in ECF No. 39, the government's Notice of Evidence under Federal Rule of Evidence 414. The publicly filed version of the Notice was redacted, in accordance with 18 U.S.C. §§ 3509 and 3771, but a full version was provided to the Court (Hon. William B. Shubb) and defense counsel.

OPPOSITION TO DEFENDANT CEA'S 28 U.S.C. § 2255 MOTION                                    2

pussy destroyed," and the description, "looks like my hot 9yo [], 15:37 best part".[2] *Id.*; ECF No. 39 at 14. Another video that Cea uploaded to his YouTube account depicts an adult male repeatedly sexually abusing a prepubescent girl (who was subsequently rescued from her abuse by law enforcement officers and is an identified victim in this case). ECF No. 39 at 15. Cea added the following description, "the most loved [V] who looks l[ike] [Juvenile Victim 2]". *Id.*; Def.'s Plea Agreement Factual Basis, ECF No. 148 at 16-17.

During their investigation, Texas law enforcement detectives further discovered that Cea engaged in some of his criminal conduct while serving in the military, overseas, but his home was located in Galt, California. PSR ¶¶ 8-9. After making that discovery, Texas law enforcement sent the evidence they gathered to the Galt Police Department. *Id.*

**B.    Sacramento ICAC, FBI and Galt Police Continue the Investigation.**

The Galt police, working with the Sacramento Internet Crimes Against Children (ICAC) team and the Federal Bureau of Investigation, continued the investigation into Cea's crimes. *Id.* As a result of that continued investigation, the law enforcement team executed a search warrant at the defendant's home on February 20, 2019. PSR ¶ 8. During the search warrant execution, the defendant agreed to an interview. During the interview, the defendant admitted various facts, including, but not limited to, the following:

(1) He visited several websites sharing child pornography on the dark web (PSR ¶¶ 17-18);

(2) He purchased and/or downloaded child pornography from those websites (PSR ¶¶ 17-18);

(3) He is most sexually interested in younger girls, between the ages of 8 and 17, with a preference for 12-year-olds (PSR ¶¶ 19, 23);

(4) He has been sexually interested in particular minor females for several years, has masturbated around them, and has touched at least two of them for sexual purposes (PSR ¶¶ 11, 21-23, 26, 27, 55);

(5) He has tried to surreptitiously record [Juvenile Victim 1] after buying a spy camera, with the hope of capturing at least one "in her underwear, and maybe naked" (PSR ¶¶ 53, 54);

---

[2] That exact time stamp shows the young victim trying to turn her head away as the adult male assailant forcibly ejaculates into her mouth as she gags. PSR ¶ 14.

(6) He has purchased child sex abuse material from several minors on Kik (PSR ¶ 56);

(7) He often drew disturbing anime style cartoons, one of which shows Cea's alter ego as a man wearing a "Pedobear"[3] mask sitting on a park bench next to a small female child (ECF No. 39 at 21), and others which show images where female genitalia are mutilated or the victims have severed heads (PSR ¶¶ 9, 23); and

(8) He created a Hannibal Lecter mask he would photograph himself in (*see* PSR ¶ 9), and he wants to eat human flesh, but has not done so because he has not been able to obtain the parts he wishes to consume (PSR ¶ 24).

At the search warrant, the law enforcement team seized Cea's electronic devices, including a cellphone, Chromebook, spyware camera, and a destroyed thumb drive Cea claimed had child sex abuse material on it before he smashed it and threw it in the trash. PSR ¶¶ 8, 15, 19 & 53-54; ECF No. 39 at 16. Investigators did forensic analyses on Cea's electronic devices, and interviewed other potential witnesses. *See, e.g.*, PSR ¶¶ 15-16, 28. A review of Cea's cellphone and Chromebook revealed 8 child sex abuse videos, 4 of which depicted prepubescent children. *Id.* ¶¶ 16-17.

Law enforcement also conducted further investigation into Cea's illegal activity on the dark web, including his receipt and distribution of child pornography. PSR ¶¶ 17-18. In January 2018, Cea became an active member of Welcome to Video (W2V), which was a dark website whose sole purpose was to host and facilitate the distribution of child sex abuse material. *Id.* ¶ 17. Through W2V, Cea intentionally downloaded 116 child sex abuse videos over the span of approximately 44 days. *Id.* ¶ 18. Those videos comprise over 20 hours of child sex abuse material, and one video in particular, depicts a toddler being sexually abused and having hot wax poured on his/her genitalia. *Id.* A redacted description of some of the terrible child sexual abuse video files Cea downloaded from W2V is contained in Exhibit 2. These videos include adult men anally raping different prepubescent girls, vaginally raping prepubescent girls, putting a belt around a prepubescent girl's neck and forcing her to engage in oral sex with him while her legs, wrists and neck are bound with black rope, and also anally

---

[3] Pedobear is an Internet meme that is portrayed by a pedophilic cartoon bear. The name "Pedobear" suggests a short-hand version of "pedophile," and the Pedobear is often used by individuals who wish to engage in the sexual exploitation of children.

OPPOSITION TO DEFENDANT CEA'S 28 U.S.C. § 2255 MOTION

4

raping her, and a compilation of images of prepubescent girls, including toddlers and babies, being vaginally or anally raped by adult penises, as well as a video of an adult man trying to rape a toddler girl.  Exhibit 2 at 2-4.  Additionally, the defendant admitted to a friend that his favorite video he purchased on the dark web was of two men kidnaping a girl and then taking her into the woods, where they raped her and finally killed her.  PSR ¶ 28.

### III.   PROCEDURAL BACKGROUND

#### A.   Federal and State Criminal Charges

On February 22, 2019, the District Attorney in Sacramento County filed a felony complaint against Cea, alleging one count of lewd acts with a child under age 14, in violation of Section 288(a) of the California Penal Code, and one count of possession of child pornography.  PSR ¶ 29.  On March 4, 2019, the District Attorney dismissed the possession count.

On August 1, 2019, the federal grand jury indicted the defendant on one count of attempted production of child pornography and one count of possession of child pornography.  ECF No. 1.  The District Attorney moved to dismiss (without prejudice) the remaining charge in Sacramento Superior Court and the defendant was arrested on the warrant issued along with the federal Indictment.  PSR ¶ 29.  The defendant was arraigned on the federal Indictment on September 3, 2019, and was ordered detained on the basis of flight risk and danger to the community.  ECF Nos. 5, 6.

A few weeks before the originally scheduled trial date, the defendant entered an open guilty plea to Count Two, possession of child pornography.  ECF Nos. 50 and 51.  On March 5, 2020, the grand jury returned a Superseding Indictment, which contained only Count One of the original Indictment, charging attempted production of child pornography of Minor Victim 1.  ECF No. 75.  The trial date of March 17, 2020 was continued due to the COVID-19 pandemic.  ECF No. 93.  The grand jury returned the Second Superseding Indictment on October 1, 2020, which added two new counts: Count Two for transportation of child pornography; and Count Three, for receipt of child pornography.  ECF No. 123.  The conduct for Counts Two and Three of the Second Superseding Indictment occurred while the defendant was in the United States Army, serving overseas in the State of Qatar.  *Id.*

#### B.   Guilty Plea

On April 29, 2021, pursuant to an 11(c)(1)(C) plea agreement with the United States, the

defendant entered his guilty pleas to Counts 2 and 3 of the Second Superseding Indictment. ECF Nos. 148 & 152. Pursuant to the plea agreement, the parties agreed: that the government would agree to dismiss Count 1 at the time of sentencing; to stipulated guidelines calculations (ECF No. 148 at 9-11); that a reasonable custodial sentence in this case would be between 168 and 240 months (*id.* at 11); that the Court should impose lifetime supervision (*id.*), along with restitution as determined by the Court (*id.*), and special assessments totaling $15,300, if the Court found that the defendant was not indigent (*id.*). In the plea agreement, defendant also waived his right to bring a collateral attack and appeal: "In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims." ECF No. 148 at 12.

    **C.**    **Sentencing**

In advance of the sentencing hearing, the government filed a sentencing memorandum, requesting that the Court sentence Cea to 20 years in prison, the high end of the binding plea's range. ECF No. 175. The government recommended that the Court either depart upward under U.S.S.G. § 5K2.0, arguing that the offense characteristics for the counts of conviction did not fully account for defendant's conduct, and set forth many bullet points summarizing the aggravating circumstances of the defendant's crimes. *Id.* at 6-7. Alternatively, the government requested that the Court vary upward from the Sentencing Guidelines range, based upon the 3553(a) factors, emphasizing the need to protect the public from the defendant. Id. at 7-9.

The Court agreed that an upward departure and / or upward variance from the Guidelines range was appropriate in this case, and sentenced Cea to a term of 240 months in prison, with the sentences on all counts of conviction to run concurrently. ECF No. 187. The redacted transcript of that sentencing hearing is attached as Exhibit 3. The Court ruled that at least one of the videos the defendant trafficked in "depicts sadistic conduct as described by the Ninth Circuit in *United States v. Rearden* because the images depicted subjection of a child to a sexual act that would have to be painful, and thus sadistic." *Id.* at 8. Additionally, the Court emphasized that other videos the defendant trafficked in "depicted the sexual abuse of a toddler." *Id.* at 9. The Court considered and ruled upon all of the defendant's objections to the Presentence Report and summarized the arguments in defendant's sentencing memo.

OPPOSITION TO DEFENDANT CEA'S 28 U.S.C. § 2255 MOTION      6

*Id.* at 13.  The Court listened to the defendant's allocution.  *Id.* at 19-22.  The Court noted that this is a sad case on many levels and there are no real winners.  *Id.* at 22-23.  The Court found that the acts taking place in the images that Cea trafficked in were certainly aggravating conduct not fully accounted for within the Guidelines.  *Id.* at 23.  The Court found defendant's admitted [sexual] interest in minors and his desire to engage in cannibalism were also aggravating factors.  *Id.* at 23-24.

## IV.  ARGUMENT

Defendant is barred from challenging his sentence for his convictions for transportation of child pornography and receipt of child pornography, because he knowingly and voluntarily waived his right to collaterally attack his conviction and sentence in his plea agreement.

The defendant's 28 U.S.C. § 2255 motion as to all counts of conviction should be denied because his claims are meritless, and he fails to meet the burden of persuasion for each claim.  Defendant's first claim is that "a 20 years sentence is quite excessive for a Child Pornography, no-contact case."  ECF No. 191 at 4.  He refers to a case of *United States v. Wayne Morris*, where the defendant received a sentence of two years and nine months in support of his claim.  This claim fails because defendant has not established that the sentence he received for his aggravated crimes violates the Constitution or the laws of the United States.

Defendant's second claim is that during sentencing, the AUSA stated there was a list of child pornography files depicting sadomasochistic sex, yet defendant does not remember the description of those videos being in the discovery.  *Id.* at 5.  That claim also fails because there was voluminous evidence of sadistic conduct toward children in this case, in the discovery the government produced, in the digital evidence defendant's counsel reviewed, in the plea agreement factual basis, which the defendant reviewed and signed, and in the Presentence Report.  As with the first claim, defendant fails to establish that the sentence was imposed in violation of the Constitution or laws of the United States for the claim about sadistic conduct.

### A.   **Legal Standards for Waiving Collateral Attack and Motions Brought Pursuant to 28 U.S.C. § 2255.**

1.   Standards for Waiving Collateral Attack

The allegations in a § 2255 motion do not present a claim upon which relief can be granted if the

OPPOSITION TO DEFENDANT CEA'S 28 U.S.C. § 2255 MOTION

7

petitioner has waived his right to make a collateral attack. A valid waiver bars a defendant from challenging his conviction and sentence. *United States v. Nguyen*, 235 F.3d 1179, 1182 (9th Cir. 2000). Courts enforce a waiver of the defendant's right to file a § 2255 motion if (1) the waiver is express, and (2) the petitioner made it knowingly and voluntarily. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993). If a claim that challenges the validity of the waiver itself is asserted, the defendant bears the burden to show the plea agreement was not knowing and voluntary. *United States v. Michlin*, 34 F.3d 896, 900 (9th Cir. 1994).

2.    Standards for a Motion Under 28 U.S.C. § 2255

Under 28 U.S.C. § 2255, a defendant may challenge a sentence on the ground that it violated the United States Constitution or the laws of the United States. Section 2255(a) states in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

To warrant relief, defendant must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Defendant can only obtain relief if he has shown "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974).

**B.    Cea's Motion is Barred by the Waiver of Collateral Attack in his Plea Agreement.**

For two of the three counts of conviction in this case, defendant's motion is barred by his plea agreement, which contains an explicit waiver of the right to collaterally attack his conviction. Plea agreements are contractual in nature, and their plain language should generally be enforced if the agreement is clear and unambiguous on its face. *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005). A defendant may waive the right to bring a § 2255 motion. *United States v. Abarca*, 985 F.2d 1012, 1013 (9th Cir. 1993). A plea agreement can waive the right to bring a § 2255 motion when it does so expressly. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). The right to bring a

collateral attack under § 2255 is statutory, and a "knowing and voluntary waiver of a statutory right is enforceable." *Abarca*, 985 F.2d at 1014.

In the written plea agreement, Cea agreed to waive collateral attack. ECF No. 148 at 12. Cea signed the agreement, through authorization of his appointed counsel. *Id.* at 15. Cea entered his guilty plea in front of Judge England, with his counsel present. ECF No. 152.[4] It would be unjust for Cea not to be held to his waiver. Under the agreement, both the defendant and the government received benefits and accepted obligations. In particular, Cea waived rights, including the statutory right to file a § 2255 motion. In exchange, the government agreed not to pursue the most serious offense in the case: attempted production of child pornography, which carries a 15-year mandatory minimum sentence. Now that Cea has received the benefit of the bargain and the government has dismissed the most serious charge, he should not be allowed to escape from his waiver. This is particularly true because defendant cannot successfully claim, nor has he, that the waiver was not made knowingly or voluntarily. Therefore, the Court should enforce the bargained for waiver of collateral attack.

**C.    Cea's Claim of Excessive Sentence is Meritless.**

Defendant cites no Constitutional provision or federal law that was violated when he was sentenced to a total term of 20 years for three criminal convictions involving child pornography, each of which carries a statutory maximum term of 20 years. Assuming he is making an Eighth Amendment claim of cruel and unusual punishment, defendant fails to establish that the sentence the Court imposed is grossly disproportionate to his crimes. *Lockyer v. Andrade*, 538 U.S. 63, 72 (2003). Gross disproportionality is found "only in the 'exceedingly rare' and 'extreme' case." *Id.* at 73; *see Ewing v. California*, 538 U.S. 11, 21 (2003) (noting that successful Eighth Amendment challenges in noncapital cases are exceedingly rare). The Supreme Court has "uniformly applied . . . the gross disproportionality principle by consistently measuring the relationship between the severity of the punishment inflicted upon the offender and the nature and number of offenses committed. . . ." *Norris v. Morgan*, 622 F.3d 1276, 1287 (9th Cir. 2010) (citing *Ewing v. California*, 538 U.S. 11, 28-29 (2003)); *Andrade*, 538 U.S. at 72; *Harmelin v. Michigan*, 501 U.S. 957, 1005 (1991); *Solem v. Helm*, 463 U.S. 277, 290-91 (1983);

---

[4] A transcript has not been prepared by the Court Reporter for this hearing, but counsel for the government will order it and submit it as a supplemental exhibit to this brief.

and *Rummel v. Estelle*, 445 U.S. 263, 274-76 (1980)).

The Ninth Circuit has upheld substantial sentences for child exploitation offenses with similarly egregious conduct. For example, the Ninth Circuit affirmed a 15-year sentence for a defendant who advertised and distributed child pornography images as "not grossly disproportionate to the gravity of his offense." *United States v. Meiners*, 485 F.3d 1211, 1213 (9th Cir. 2007). A life in prison sentence for a defendant convicted of producing child pornography in a foreign country while being required to register as a sex offender was also not found to violate the Eighth Amendment. *United States v. Reczko*, 818 Fed. Appx. 701 / 2020 U.S. App. LEXIS 20356 (9th Cir. 2020). Lifetime supervision is also "not categorically disproportionate for sex offenders." *United States v. Williams*, 636 F.3d 1229, 1234 (9th Cir. 2011). Similarly, a 360-month sentence for aggravated sexual abuse of a minor did "not violate the Eighth Amendment as applied . . . [b]ecause sexual crimes involving children cause grave harm . . . ." *United States v. Garcia*, 670 Fed. Appx. 501, 502 / 2016 U.S. App. LEXIS 19838 (9th Cir. 2016) (citing *Meiners*, 485 F.3d at 1213).

This is not a case where "a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." *Harmelin*, 501 U.S. 957. Consequently, this Court need not compare defendant's sentence to the sentences of other defendants. *Id.*; *United States v. Meiners*, 485 F.3d at 1213 ("[I]n the rare case in which a threshold comparison [of the crime committed and the sentence imposed] leads to an inference of gross disproportionality, we then compare the sentence at issue with sentences imposed for analogous crimes in the same and other jurisdictions.") Defendant has failed to establish an inference of gross disproportionality. Simply referring to a case from another district (presumably *United States v. Wayne Clarence Morris, Jr.*, District of Utah case 4:21-cr-76-DN) that is not factually similar, let alone for the same offense conduct or counts of conviction, does not meet defendant's burden of establishing that his sentence was grossly disproportionate. Considering defendant's aggravated conduct involved in trafficking in visual depictions of young children being raped and a demonstrated risk of danger posed to the community, especially for the vulnerable minor population, a 20-year sentence (given a statutory maximum term of 60 years if the sentences on the counts of conviction were served consecutively) is not grossly disproportionate to defendant's crimes.

OPPOSITION TO DEFENDANT CEA'S 28 U.S.C. § 2255 MOTION

10

Based on the facts of this case, the Court should deny defendant's first claim, since he has not met his burden of establishing that his sentence was imposed in violation of the Constitution or laws of the United States.

### D. Cea's Claim that He Does Not Remember Sadistic Video Descriptions Being in the Discovery Fails to Establish that his Sentence Was Imposed in Violation of the Constitution or a Federal Law.

There is no question that many of the visual depictions of young children being sexually abused that the defendant trafficked (in the form of receiving through Skype, posting on his YouTube channel, and downloading from the Welcome to Video darkweb site) constituted sadistic conduct as defined in Sentencing Guidelines section 2G2.2(b)(4). In *United States v. Rearden*, 349 F.3d 608 (9th Cir. 2003), the Ninth Circuit held that the district court properly applied this specific offense characteristic because it found that the images Rearden distributed depicting the anal penetration of prepubescent children by adult males "depicted subjection of a child to a sexual act that would have to be painful, and thus sadistic." *Rearden*, 349 F.3d at 615-16. The *Rearden* case cited, with approval, multiple cases from other circuits that held that an adult male's vaginal and/or anal intercourse with a young girl would involve both physical and emotional pain, for the victim. *Id.*, citing *United States v. Lyckman*, 235 F.3d 234, 239 n.22 (5th Cir. 2000); *United States v. Hall*, 312 F.3d 1250, 1263 (11th Cir. 2002); *United States v. Bender*, 290 F.3d 1279, 1285-86 (11th Cir. 2002); *United States v. Garrett*, 190 F.3d 1220, 1223-24 (11th Cir. 1999); and *United States v. Delmarle*, 99 F.3d 80, 83 (2d Cir. 1996).

The evidence in this case overwhelmingly showed that Cea was involved in the trafficking of videos depicting sadistic abuse of child victims. In the plea agreement, the defendant agreed that a 4-level increase for sadistic conduct under section 2G2.2(b)(4) applied to each of his counts of conviction. ECF No. 148 at 10. The factual basis for the plea agreement contains multiple descriptions of videos that the defendant trafficked in, or possessed, that depict sadistic conduct, as defined in *Rearden*. *Id.* at A-1 through A-3. The Presentence Report also includes multiple descriptions of sadistic conduct. PSR ¶¶ 12, 14, 18. The electronic files that defense counsel reviewed showed sadistic conduct. The discovery in the case, as shown in Exhibits 1 and 2, clearly indicates sadistic conduct. The Court correctly applied the sadistic conduct enhancement under section 2G2.2(b)(4).

Based on the evidence in this case, defendant has failed to establish any error in sentencing,

much less an error of constitutional magnitude that would warrant vacating his sentence.

### E. An Evidentiary Hearing is Unnecessary Because Defendant's Allegations Are Insufficient to Warrant a Hearing.

Under 28 U.S.C. § 2255, an evidentiary hearing on the claims is required, "[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the defendant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal quotation marks omitted). Conclusory assertions are insufficient to require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980).

In this case, the defendant's claims are unsupported by law, and the files and the records of the case conclusively show that the prisoner is entitled to no relief. Under these circumstances, a hearing on this motion is unnecessary. Each claim fails as a matter of law and does not raise any contested factual issues requiring an evidentiary hearing. Cea's request for an evidentiary hearing should therefore be denied.

### V. CONCLUSION

The defendant is barred from a collateral attack through his plea agreement, so his motion should be dismissed. Additionally, for the reasons set forth above, the defendant has failed to demonstrate any valid claim that would warrant relief under 28 U.S.C. § 2255. Therefore, the defendant has failed to meet his burden, and his § 2255 motion must be denied.

Dated: June 5, 2023

PHILLIP A. TALBERT
United States Attorney

By: /s/ *CHRISTINA MCCALL*
ROSANNE L. RUST
CHRISTINA MCCALL
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Eastern District of California and is a person of such age and discretion to be competent to serve papers. She also certifies that on June 5, 2023, a copy of the GOVERNMENT'S OPPOSITION TO DEFENDANT'S 2255 MOTION was served by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place(s) and address(es) stated below, which is/are the last known address(es), and by depositing said envelope and contents in the United States Mail at Sacramento, California.

Addressee(s)
**Jaziz Cea  #78417097**
FCI TERMINAL ISLAND
P.O. BOX 3007
San Pedro, CA 90733

/s/ *S. Camacho*
S. Camacho