1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              No.  2:19-cr-0126 TLN CKD P

12                    Respondent,

13          v.                               FINDINGS AND RECOMMENDATIONS

14   JAZIZ CEA,

15                    Movant.

16

17          Movant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside, or

18   correct his sentence pursuant to 28 U.S.C. § 2255.   ECF No.  191.  Movant asserts that his

19   twenty-year prison sentence is excessive and that he was not notified in discovery that the

20   government obtained videos possessed by movant which depicted sadomasochist sex.  On June 5,

21   2023, respondent filed an opposition to the motion.  For the reasons which follow, the court

22   recommends that the motion be denied.

23   I.  Background

24          On February 24, 2020, movant pled guilty to possession of child pornography, a violation

25   of 18 U.S.C. § 2252(a)(4)(B).  ECF No. 50. On April 30, 2021, pursuant to a plea agreement,

26   movant pled guilty to transportation of child pornography, a violation of 18 U.S.C. § 2252(a)(1),

27   and receipt of child pornography, a violation of 18 U.S.C. § 2252(a)(2). ECF No.152.

28   /////

1

Sentencing took place on March 17, 2022.  ECF No. 187. The court found a United States Sentencing Guidelines (USSG or Guidelines) base offense level of 22.  The court increased the offense level to 34 as follows:

> 1.  A two-level increase pursuant to USSG 2G2.2(B)(2) because, with respect to each count, the pornography involved a prepubescent child who had not reached the age of 12.
>
> 2.  A two-level increase pursuant to USSG 2G2.2(B)(3)(F) because movant uploaded videos to youtube.com and shared videos via Skype.
>
> 3. A four-level increase pursuant to USSG 2G2.2(B)(4)(A) because the material involved portrayal of sadistic, masochistic or violent conduct.
>
> 4. A two level increase under USSG 2G2.2(B)(6) because movant's offense involved use of a computer or interactive computer service.
>
> 5. A five level increase under USSG 2G2.2(B)(7)(D) since movant's devices had more than 600 images of sexually explicit conduct by minors.

The court also decreased the offense level by three levels under USSG 3E1(A)-(B) for acceptance of responsibility.  ECF No. 197 at 11-12.

With a USSG criminal history category of I (id. at 13), the court found that the applicable Guidelines range to be 151-181 months with respect to each offense.

Ultimately, movant was ordered to serve concurrent 240-month sentences of imprisonment as to each crime as the court found, pursuant to USSG 2K2.0, that movant engaged in conduct that was not fully accounted for within the Guidelines.  ECF No. 197 at 25.  Under 18 U.S.C. § 2252(b)(1) & (2), 240 months is the maximum sentence for each of movant's offenses. Movant did not appeal.

II.  Claims and Analysis

A.  Excessive Sentence

Movant asserts that his prison sentence is excessive because he never had any actual contact with children while committing his offenses.  Movant does not argue that his sentence runs afoul of the Guidelines.

/////

2

1    In Ewing v. California, the Supreme Court found that "[t]he Eighth Amendment, which

2    forbids cruel and unusual punishments, contains a narrow proportionality principle that applies to

3    noncapital sentences." Ewing v. California, 538 U.S. 11, 20 (2003) (internal quotations omitted).

4    The Court clarified that "this Court has on occasion stated that the Eighth Amendment prohibits

5    imposition of a sentence that is grossly disproportionate to the severity of the crime . . . [b]ut

6    outside the context of capital punishment, successful challenges to the proportionality of

7    particular sentences have been exceedingly rare." Id. at 21 (internal quotations omitted).  The

8    Court indicated an example of when the "proportionality principle would come into play" would

9    be "if a legislature made overtime parking a felony punishable by life imprisonment . . ." Id.

10   (internal quotations omitted).

11    In determining whether a sentence of imprisonment is grossly disproportionate "[a] court

12   must begin by comparing the gravity of the offense and the severity of the sentence." Graham v.

13   Florida, 560 U.S. 48, 60 (2010).  If this comparison fails to yield an inference of gross

14   disproportionality, there is not violation of the Eighth Amendment.  Id.  No such inference was

15   found in Harmelin v. Michigan, 501 U.S. 957, 1005 (1991) where defendant was sentenced to life

16   without parole for possessing a large quantity of cocaine.

17    In this case, the sentencing judge identified several aggravating factors with respect to the

18   offenses committed by movant.  In adding additional time because movant engaged in conduct

19   not sufficiently accounted for in the sentencing guidelines, the judge pointed to the fact that

20   movant's victims are the most vulnerable in society, movant admitted a sexual interest in minors,

21   movant admitted to loitering near middle school, and spoke about a desire to engage in

22   cannibalism.  ECF No. 197 at 22-23.

23    After a review of the record and relevant law, the court has no basis to infer that movant's

24   sentence is grossly disproportionate to his offenses.

25    B.  Discovery Violation

26    Movant asserts that he was not notified in discovery that the government obtained videos

27   possessed by movant which depicted sadomasochist sex.  This is a claim upon which movant

28   cannot obtain relief.  Any claims arising before entry of a guilty plea which do not concern

3

1   whether the plea was entered voluntarily and intelligently are rarely cognizable in any federal

2   habeas action.  See Boykin v. Alabama, 395 U.S. 238, 242 (1969). This is because:

> [A] guilty plea represents a break in the chain of events which has
> preceded it in the criminal process.  When a criminal defendant has
> solemnly admitted in open court that he is in fact guilty of the offense
> with which he is charged, he may not thereafter raise independent
> claims relating to the deprivation of constitutional rights that
> occurred prior to the entry of the guilty plea.

7   Tollett v. Henderson, 411 U.S. 258, 267 (1973).  Whatever claims movant might have concerning

8   the government's failure to turn over inculpatory evidence during the discovery process is not

9   cognizable here.  The court notes that movant does not claim that any evidence presented to the

10   court for purposes of sentencing was invalid, that any evidence was considered by the court

11   improperly, nor that movant was prejudiced in anyway at sentencing due to a discovery violation.

12   III.  Conclusion

13       Because movant has not demonstrated that he is entitled to relief under 28 U.S.C. § 2255,

14   the court will recommend that his § 2255 motion be denied and this case be closed.  In light of

15   this recommendation the court need not address the other arguments made by respondent.

16       Accordingly, IT IS HEREBY RECOMMENDED that movant's motion to vacate, set

17   aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 191) be denied.

18        These findings and recommendations are submitted to the United States District Judge

19   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

20   after being served with these findings and recommendations, any party may file written

21   objections with the court and serve a copy on all parties.  Such a document should be captioned

22   "Objections to Magistrate Judge's Findings and Recommendations."  In his objections, movant

23   may address whether a certificate of appealability should issue in the event he files an appeal of

24   the judgment in this case.  See Rule 11, Federal Rules Governing Section 2255 Cases (the district

25   court must issue or deny a certificate of appealability when it enters a final order adverse to the

26   applicant).  Any response to the objections shall be served and filed within fourteen days after

27   /////

28   /////

4

1  service of the objections.  The parties are advised that failure to file objections within the

2  specified time waives the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

3  1153 (9th Cir. 1991).

4  Dated:  December 7, 2023

5

6                                                    CAROLYN K. DELANEY
                                                     UNITED STATES MAGISTRATE JUDGE
7

8

9  1
   padi0159.257
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28